1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CARLOS A. MOLINA PINTO          ) Case No. CV14-9954-DOC (DTB)
AKA CARLOS MOLINA,              )
                               )
                Petitioner,    ) ORDER TO SHOW CAUSE
                               )
        vs.                    )
                               )
DAVID JENNINGS,                )
                               )
                Respondent.    )

17
18
19
20
21

On December 31, 2014, petitioner filed a Petition for Writ of Habeas Corpus by a Person in Federal Custody ("Pet.") herein. The Petition purports to be directed to a 2008 conviction sustained by petitioner in Los Angeles County Superior Court. (See Pet. at ¶¶ 2-3.) Petitioner purports to be raising two grounds for relief. (See Pet. at ¶ 9(a-b).)

22
23
24
25
26
27
28

Based on its review of the Petition as well as information derived from the California Appellate Courts website[1], it appears to the Court that the Petition is time barred. Accordingly, on or before **March 2, 2015,** petitioner is ORDERED to

/ / /
/ / /

---

[1]     http://appellatecases.courtinfo.ca.gov/index.html

1

1  show cause in writing (if any he has) why the Court should not recommend that this

2  action be dismissed with prejudice on the ground of untimeliness.[2]

3

4  ## THE TIME BAR ISSUE

5  Since this action was filed after the President signed into law the Antiterrorism

6  and Effective Death Penalty Act of 1996 (the "AEDPA") on April 24, 1996, it is

7  subject to the AEDPA's one-year limitation period, as set forth at 28 U.S.C. §

8  2244(d).  See Calderon v. United States District Court for the Central District of

9  California (Beeler), 128 F.3d 1283, 1287 n.3 (9th Cir. 1997).[3]  28 U.S.C. § 2244(d)

10 provides:

11         "(1)   A 1-year period of limitation shall apply to an application

12     for a writ of habeas corpus by a person in custody pursuant to the

13     judgment of a State court.  The limitation period shall run from the latest

14     of--

15             (A)   the date on which the judgment became final by

16     conclusion of direct review or the expiration of the time for

17     seeking such review;

18             (B)   the date on which the impediment to filing an

19     application created by State action in violation of the Constitution

20

21     [2]       The Ninth Circuit has held that the district court has the authority to raise

22  the statute of limitations issue *sua sponte* when untimeliness is obvious on the face

23  of the petition and to summarily dismiss a petition on that ground pursuant to Rule

24  4 of the Rules Governing Section 2254 Cases in the United States District Courts, so

25  long as the court "provides the petitioner with adequate notice and an opportunity to

    respond." See Nardi v. Stewart, 354 F.3d 1134, 1141 (9th Cir. 2004); Herbst v. Cook,

26  260 F.3d 1039, 1042-43 (9th Cir. 2001).

27     [3]       Beeler was overruled on other grounds in Calderon v. United States

28  District Court (Kelly), 163 F.3d 530, 540 (9th Cir. 1998) (en banc).

1   or laws of the United States is removed, if the applicant was
2   prevented from filing by such State action;

3        (C)   the date on which the constitutional right asserted
4   was initially recognized by the Supreme Court, if the right has
5   been newly recognized by the Supreme Court and made
6   retroactively applicable to cases on collateral review; or

7        (D)   the date on which the factual predicate of the claim
8   or claims presented could have been discovered through the
9   exercise of due diligence."

10

11   From a review of the Petition, as well as the California Appellate Courts
12   website, it appears that petitioner appealed the underlying judgment of conviction to
13   the California Court of Appeal on May 13, 2008.  Thereafter, petitioner voluntarily
14   dismissed his appeal on November 25, 2008.  Petitioner failed to petition the
15   California Supreme Court for review of the court of appeal decision on direct appeal.
16   Under the relevant California Rules of Court, his time for doing so lapsed 40 days
17   after the November 25, 2008 voluntary dismissal of his appeal.  See Cal. R. Ct.
18   8.264(b)(1) [formerly 24(b)(1)] and 8.500(e)(1) [formerly 28(e)(1)].  Thus, for
19   purposes of 28 U.S.C. § 2244(d)(1)(A), petitioner's judgment of conviction "became
20   final by conclusion of direct review or the expiration of the time for seeking such
21   review" on January 4, 2009.

22   From the face of the Petition, it does not appear that petitioner has any basis for
23   contending that he is entitled to a later trigger date under § 2244(d)(1)(B).  The Court
24   notes in this regard that petitioner did not have a constitutional right to counsel for
25   purposes of filing a Petition for Review in the California Supreme Court or a state
26   habeas petition.  See Pennsylvania v. Finley, 481 U.S. 551, 555, 107 S. Ct. 1990, 95
27   L. Ed. 2d 539 (1987) (holding that the right to counsel extends "to the first appeal of
28   right, and no further").  Nor does it appear that petitioner has any basis for contending

3

1  that he is entitled to a later trigger date under § 2244(d)(1)(C) because none of the
2  claims alleged in the Petition appears to be based on a federal constitutional right that
3  was initially recognized by the United States Supreme Court subsequent to the date
4  his conviction became final and that has been made retroactively applicable to cases
5  on collateral review.  Finally, it does not appear that petitioner has any basis for
6  contending that he is entitled to a later trigger date under § 2244(d)(1)(D) since it
7  appears that petitioner was aware of the **factual** predicate of each of his claims as of
8  the date he was convicted and sentenced.  See Hasan v. Galaza, 254 F.3d 1150, 1154
9  n.3 (9th Cir. 2001) (statute of limitations begins to run when a prisoner "knows (or
10 through  diligence  could  discover)  the  important  facts,  not  when  the  prisoner
11 recognizes their legal significance").

12      Thus, unless a basis for tolling the statute existed, petitioner's last day to file
13 his federal habeas petition was January 4, 2010.  See Patterson v. Stewart, 251 F.3d
14 1243, 1246 (9th Cir. 2001); Beeler, 128 F.3d at 1287-88.  The instant Petition was
15 filed over 4 years later.

16      28 U.S.C. § 2244(d)(2) provides:
17      The time during which a properly filed application for State post-
18      conviction or other collateral review with respect to the pertinent
19      judgment or claim is pending shall not be counted toward any period of
20      limitation under this subsection.
21

22      In Nino v. Galaza, 183 F.3d 1003 (9th Cir. 1999), the Ninth Circuit construed
23 the  foregoing  statutory  tolling  provision  with  reference  to  California's  post-
24 conviction procedures.  The Ninth Circuit held that "the AEDPA statute of limitations
25 is tolled for 'all of the time during which a state prisoner is attempting, through
26 proper use of state court procedures, to exhaust state court remedies with regard to
27 a particular post-conviction application.'"  Id. at 1006 (citation omitted).
28 / / /

4

1   Here, petitioner has not identified any collateral challenges in the Petition (see
2   Pet. ¶ 10).  Once the AEDPA limitations period lapsed, it could not be reinitiated.
3   See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) (holding that § 2244(d)
4   "does not permit the reinitiation of the limitations period that has ended before the
5   state petition was filed, "even if the state petition was timely filed); Jiminez v. Rice,
6   276 F.3d 478, 482 (9th Cir. 2001); Wixom v. Washington, 264 F.3d 894, 898-99 (9th
7   Cir. 2001); Green v. White, 223 F.3d 1001, 1003 (9th Cir. 2000).

8   Accordingly, it appears there is no basis for statutory tolling of the limitations
9   period with respect to the Petition.  In Holland v. Florida, _U.S._, 130 S. Ct. 2549
10  (2010), the Supreme Court held that the timely filing of a habeas petition was not
11  jurisdictional, but rather was subject to equitable tolling.  If petitioner intends to rely
12  on the equitable tolling doctrine for purposes of arguing that his federal habeas
13  petition is timely, he will need to include with his Response to this Order to Show
14  Cause a declaration under penalty of perjury stating facts showing (1) that he has
15  been pursuing his rights diligently, and (2) that some "extraordinary circumstances"
16  beyond petitioner's control stood in his way and/or made it impossible for him to file
17  the Petition on time.  See Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807,
18  161 L. Ed. 2d 669 (2005); see also Roy v. Lampert, 465 F.3d 964, 969 (9th Cir.
19  2006); Rasberry v. Garcia, 448 F.3d 1150, 1153 (9th Cir. 2006).

20  If petitioner intends to rely on the equitable tolling doctrine, he will need to
21  include in his with his Response a declaration under penalty of perjury stating facts
22  showing (1) that he has been pursuing his rights diligently, and (2) that some
23  extraordinary circumstance beyond petitioner's control stood in his way.  See Pace
24  v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005); see
25  also Roy v. Lampert, 465 F.3d 964, 969 (9th Cir. 2006); Rasberry, 448 F.3d at 1153;
26  Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003) (petitioner must show that
27  "extraordinary circumstances" were the proximate cause of his untimeliness).
28  Finally, petitioner raises a claim of actual innocence.  The Supreme Court has

5

1   recently held that a federal habeas petitioner nay be able to seek habeas relief on an

2   otherwise time-barred claim if he successfully proves that he is actually innocent of

3   the crime upon which he was convicted.  (McQuiggin v. Perkins, – U.S. –, 133 S. Ct.

4   1924, 1928, 185 L. Ed. 2d 1019 (2013).

5          The Supreme Court has noted, however, that instances of "tenable actual

6   innocence gateway pleas are rare" (McQuiggin, 133 S. Ct. at 1928) and the burden

7   of proving such a claim is substantial.  "[A] petitioner does not meet the threshold

8   requirement unless he persuades the District Court that, in light of the new evidence,

9   no juror, acting reasonably, would have voted to find him guilty beyond a reasonable

10  doubt." (Id., citing Schlup v. Delo, 513 U.S. 298, 329, 115 S. Ct. 851, 130 L. Ed 2d

11  808 (1995).

12

13                    **THE CUSTODY REQUIREMENT**

14         Subject matter jurisdiction over a habeas petition exists only when, at the time

15  the petition is filed, the petitioner is "in custody" under the conviction challenged in

16  the petition.  See Maleng v. Cook, 490 U.S. 488, 490-91, 109 S. Ct. 1923, 104 L. Ed.

17  2d 540 (1989); Carafas v. LaVallee, 391 U.S. 234, 238, 88 S. Ct. 1556, 20 L. Ed. 2d

18  554 (1968); Fowler v. Sacramento County Sheriff's Dep't, 421 F.3d 1027, 1033 n.5

19  (9th Cir. 2005); see also 28 U.S.C. §§ 2241(c)(3), 2254(a).  A habeas petitioner does

20  not remain "in custody" once the sentence imposed for the conviction has "fully

21  expired." See Maleng, 490 U.S. at 491.  However, a petitioner is "in custody" for the

22  purposes of habeas jurisdiction while he remains on probation or parole.  See Chaker

23  v. Crogan, 428 F.3d 1215, 1219 (9th Cir. 2005); Fowler, 421 F.3d at 1033 n.5; United

24  States v. Spawr Optical Research, Inc., 864 F.2d 1467, 1470 (9th Cir. 1988).

25         The burden of establishing subject matter jurisdiction rests with the party

26  seeking to invoke the district court's jurisdiction.  See, e.g., Ashoff v. City of Ukiah,

27  130 F.3d 409, 410 (9th Cir. 1997); Thornhill Pub. Co. v. General Tel. & Elec. Corp.,

28  594 F.2d 730, 733 (9th Cir. 1979); Johnson v. Washington, 2009 WL 151284, *6

1   (W.D. Wash. Jan. 20, 2009) (habeas case).  Moreover, the absence of subject matter

2   jurisdiction may be raised by a district court sua sponte.  See Schwarzer, Tashima &

3   Wagstaffe, Federal Civil Procedure Before Trial ¶ 2:18 (2010 rev. ed.).

4        Here, it does not appear from the face of the Petition that petitioner still is "in

5   custody" under the particular state conviction challenged in the Petition.

6        IT THEREFORE IS ORDERED that, on or before **March 2, 2015**, petitioner

7   show cause in writing, if any he has, why this action should not be summarily

8   dismissed for untimeliness and/or for lack of subject matter jurisdiction.

9

10  DATED: February 2, 2015

11                                              _____

12                                              DAVID T. BRISTOW
                                                UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7