# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS A. MOLINA PINTO AKA CARLOS MOLINA,<br><br>　　　　　Petitioner,<br><br>　vs.<br><br>DAVID JENNINGS,<br><br>　　　　　Respondent. | Case No. CV14-09954-DOC (DTB)<br><br>ORDER VACATING REPORT AND RECOMMENDATION AND SUMMARILY DISMISSING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION |

　　　Petitioner is currently in the custody of the United States Department of Homeland Security, Immigration, and Customs Enforcement, and incarcerated at the Theo Lacy Facility in Orange, California. On December 31, 2014, petitioner filed a Petition for Writ of Habeas Corpus by a Person in Federal Custody, along with a Motion for Stay of Removal ("Motion"). In his Motion, petitioner requested a stay of removal to prevent deportation while this matter is pending (Motion at 2).

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

1

The Petition purports to be directed to a 2008 conviction sustained by petitioner in Los Angeles County Superior Court. (See Pet. at ¶¶ 2-3.) Based on the Court's initial review of the Petition, as well as information derived from the California Appellate Courts website[1], it appeared to the Court that the Petition was time barred. Accordingly, on February 2, 2015, the Court issued an Order to Show Cause ("OSC") as to why this action should not be dismissed with prejudice on the ground of untimeliness.[2] On March 3, 2015, petitioner filed a Declaration for Order to Show Cause ("Response"). In his Response, petitioner claimed he was entitled to equitable tolling. (Response at 1.) Specifically, petitioner claimed that his placement in a residential treatment program following his 2008 conviction, as well as his ensuing substance abuse treatment, job readiness therapy and education constituted "extraordinary circumstances" that made it "impossible to file the petition on time." (Response at 2-3.) The Court issued its Report and Recommendation ("R&R") on April 15, 2015, recommending the dismissal of the Petition with prejudice as untimely. On April 30, 2015, petitioner filed Objections to the R&R and on May 4, 2015, petitioner filed a "Motion to Leave to Amend Plaintiff Objection to Report and Recommendation" ("Motion for Leave") seeking leave to amend his Objections.

///

///

---

[1]   http://appellatecases.courtinfo.ca.gov/index.html

[2]   The Ninth Circuit has held that the district court has the authority to raise the statute of limitations issue *sua sponte* when untimeliness is obvious on the face of the petition and to summarily dismiss a petition on that ground pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, so long as the court "provides the petitioner with adequate notice and an opportunity to respond." See Nardi v. Stewart, 354 F.3d 1134, 1141 (9th Cir. 2004); Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

1    Upon further review of the Petition,[3] however, the Court has determined that
2 petitioner is, in fact, challenging his immigration removal proceedings. Petitioner
3 challenges those proceedings on the basis that his underlying California judgment of
4 conviction was improperly considered for purposes of his immigration proceedings.
5    Accordingly, for the reasons discussed herein, this action is subject to dismissal
6 on the ground that the Court lacks jurisdiction to consider this action.

## DISCUSSION

9    The Petition herein attacks petitioner's underlying state court criminal
10 conviction for purposes of challenging his current immigration removal proceedings,
11 specifically, his order of removal. (See, e.g., Motion at 1; Response at 8-9.) As such,
12 the Court lacks jurisdiction to consider the Petition.
13    The REAL ID Act of 2005[4] eliminates district court habeas jurisdiction over
14 orders of removal in immigration proceedings and vests jurisdiction to review such
15 orders exclusively in the courts of appeals. See Momeni v. Chertoff, 521 F.3d 1094,
16 1095-96 (9th Cir. 2008); see also 8 U.S.C. § 1252(a)(5) ("Notwithstanding any other
17 provision of law . . . including section 2241 . . . a petition for review filed with an
18 appropriate court of appeals in accordance with this section shall be the sole and
19 exclusive means for judicial review of an order of removal entered or issued under any
20 provision of this chapter."). Accordingly, the Real ID Act of 2005 divests this
21 / / /

---

[3]    Federal courts have an independent obligation to examine their jurisdiction. (FW/PBS, Inc. V. City of Dallas, 493 U.S. 215, 231, 110 S. Ct. 596, 107 L. Ed. 2d 603 (1990); see also Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000) (citing to same). The Federal Rules of Civil Procedure require that a court dismiss an action "[i]f the court determines at any time that it lacks subject matter jurisdiction." (Fed. R. Civ. P. 12(h)(3).)

[4]    See Pub. L. No. 109-13, 119 Stat. 231 (May 11, 2005).

1  Court of jurisdiction to review petitioner's removal order and, therefore, the Court
2  lacks jurisdiction over petitioner's claims.
3        The Court notes that, although the REAL ID Act of 2005 has eliminated the
4  district court's jurisdiction in some respects, the district courts retain subject matter
5  jurisdiction over 28 U.S.C. § 2241 petitions that do not involve final orders of
6  removal. See Nadarajah v. Gonzales, 443 F.3d 1069, 1075-76 (9th Cir. 2006); see
7  also Casas-Castrillon v. Dep't of Homeland Sec., 535 F.3d 942, 946 (9th Cir. 2008).
8  Specifically, an alien detainee may be entitled to federal habeas corpus relief under
9  28 U.S.C. § 2241 if he has been subjected to prolonged and indefinite detention as
10 defined by the Supreme Court, see Zadvydas v. Davis, 533 U.S. 678, 687, 121 S. Ct.
11 2491, 150 L. Ed. 2d 653 (2001)[5] and/or he has not been provided an adequate
12 opportunity to contest the necessity of his continued detention through the
13 immigration removal proceedings, Casas-Castrillon, 535 F.3d at 950-51. As currently
14 pled, the Petition does not appear to raise such a claim. To the extent petitioner
15 believes that he is entitled to relief on this basis, he may file another writ of habeas
16 corpus pursuant to 28 U.S.C. § 2241, provided that he addresses this claim in a simple,
17 concise, and direct manner so that the Court and respondents are provided adequate
18 notice of such allegations.

---

[5] In Zadvydas, the Supreme Court considered a challenge to the prolonged detention of two aliens who were being held in post-removal period detention at the discretion of the Attorney General under Section 1231(a)(6). 533 U.S. at 682-86. Acknowledging that a statute permitting the indefinite detention of aliens would "raise a serious constitutional problem," the Court concluded that Congress had not expressly authorized the continued detention of aliens beyond a period reasonably necessary to secure the alien's removal. Id. at 690, 699-700. The Court held that after a presumptively reasonable six-month period of post-removal period detention, the alien was entitled to release if he successfully demonstrated that there was "good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future." Id. at 701.

**ORDER**

For the foregoing reasons, IT IS ORDERED that the Report and Recommendation is VACATED and that this action be summarily dismissed without prejudice.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: June 30, 2015

_____
DAVID O. CARTER
UNITED STATES DISTRICT JUDGE

Presented by:

_____
David T. Bristow
United States Magistrate Judge